UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL TAYLOR, *et al.*,

        Plaintiffs,

v.

COUNTRYWIDE HOME LOANS,
*et al.*,

        Defendants.
_____/

Case No. 08-13258

Stephen J. Murphy, III
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION
ON PLAINTIFFS' MOTIONS FOR ENTRY OF
<u>DEFAULT AND DEFAULT JUDGMENT (Dkt. 26, 27)</u>[1]**

**I.    PROCEDURAL HISTORY**

Plaintiffs filed a complaint against defendants on July 29, 2008. (Dkt. 1). In lieu of a responsive pleading, defendants filed a motion to dismiss on August 18, 2008. (Dkt. 5). Plaintiffs then filed a motion for leave to file an amended complaint on August 21, 2008. (Dkt. 6). On September 15, 2008, District Judge

---

[1] A motion for default judgment is dispositive because it is "substantially similar to several of the listed motions" is 28 U.S.C. § 636(b)(1)(A). *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999). If a motion is dispositive, a magistrate judge may issue only proposed findings and recommended dispositions in response to that motion. *See* 28 U.S.C. § 636(b)(1)(B). Only a district court judge can issue a dispositive order. *Id.*

1

Report and Recommendation
Plaintiff's Motions for Default and Default Judgment
*Taylor v. Countrywide, et al.*; No. 08-13258

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL TAYLOR, *et al.*,

    Plaintiffs,

v.

COUNTRYWIDE HOME LOANS,
*et al.*,

    Defendants.
_____/

Case No. 08-13258

Stephen J. Murphy, III
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION
ON PLAINTIFFS' MOTIONS FOR ENTRY OF
<u>DEFAULT AND DEFAULT JUDGMENT (Dkt. 26, 27)</u>[1]**

**I.    PROCEDURAL HISTORY**

Plaintiffs filed a complaint against defendants on July 29, 2008. (Dkt. 1). In lieu of a responsive pleading, defendants filed a motion to dismiss on August 18, 2008. (Dkt. 5). Plaintiffs then filed a motion for leave to file an amended complaint on August 21, 2008. (Dkt. 6). On September 15, 2008, District Judge

---

[1] A motion for default judgment is dispositive because it is "substantially similar to several of the listed motions" is 28 U.S.C. § 636(b)(1)(A). *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999). If a motion is dispositive, a magistrate judge may issue only proposed findings and recommended dispositions in response to that motion. *See* 28 U.S.C. § 636(b)(1)(B). Only a district court judge can issue a dispositive order. *Id.*

1

Report and Recommendation
Plaintiff's Motions for Default and Default Judgment
*Taylor v. Countrywide, et al.*; No. 08-13258

Stephen J. Murphy, III referred this matter to the undersigned for all pretrial purposes. (Dkt. 12).

On September 30, 2008, the Court granted plaintiffs' motion for leave to amend their complaint, and directed plaintiffs to file their amended complaint within 14 days of entry of that Order. (Dkt. 17). On October 3, 2008, plaintiffs filed their amended complaint. (Dkt. 20). According to the signatures on the amended complaint, plaintiffs signed this pleading on October 1, 2008. (Dkt. 20). However, no certificate of service accompanied this pleading. *Id.* On October 15, 2008, plaintiffs filed a certificate of service indicating that the amended complaint was served on counsel for defendant Countrywide Home Loans, America's Wholesale Lender (Countrywide), via certified mail on October 3, 2008. (Dkt. 21). Plaintiffs have not filed any certificate of service showing that defendant Randall S. Miller & Associates, P.C. (Miller) was served with the amended complaint.

Defendant Countrywide filed its answer to the amended complaint on October 27, 2008. (Dkt. 22). Defendant Miller filed its answer to the amended complaint on October 28, 2008. (Dkt. 25). On October 27, 2008, plaintiffs filed: (1) a request for clerk's entry of default as to defendant Miller (Dkt. 30); and (2) a motion for entry of default and default judgment as to defendant Countrywide.

Report and Recommendation
Plaintiff's Motions for Default and Default Judgment
*Taylor v. Countrywide, et al.*; No. 08-13258

(Dkt. 26). Plaintiffs' request for entry of default against defendant Miller states that the summons and complaint were served on Miller on October 27, 2008 via certified mail. (Dkt. 30). On October 28, 2008, plaintiffs filed (1) a request for clerk's entry of default as to Countrywide (Dkt. 29); and (2) an amended motion for default and default judgment as to defendant Countrywide. (Dkt. 27). According to the request for entry of default against defendant Countrywide, the summons and complaint was served on Countrywide on October 27, 2008. (Dkt. 29). On October 29, 2008, the Clerk's Office issued notices of denial of both requests for entry of default for the stated reason that answers to the amended complaint were filed on behalf of both defendants. (Dkt. 31, 32). Defendant Countrywide filed a response to plaintiffs' motion for default and default judgment on October 29, 2008. (Dkt. 33).

## II. DISCUSSION

The clerk of the court properly denied the requests for entry of default because answers were timely filed on behalf of both defendants. According to Federal Rule of Civil Procedure 12, an answer to a complaint must be filed within 20 days of service. Under Rule 6(a), the calculation of this period excludes the day of the act or event that begins the period, here, the date of mailing. With respect to defendant Countrywide, the amended complaint was served (at the

3

Report and Recommendation
Plaintiff's Motions for Default and Default Judgment
*Taylor v. Countrywide, et al.*; No. 08-13258

earliest) on October 3.² Twenty days from October 3, excluding that date, is October 23. However, under Rule 6(d), if service by mail is used, an additional three days are added to the period as calculated under Rule 6(a). An additional three days would make the answer due on October 26. However, October 26 is a Sunday and Rule 6(a)(3) provides that, if the last day of a period is a Saturday, Sunday or legal holiday, that day is excluded and the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday. Thus, Countrywide's answer to the amended complaint was due on Monday, October 27, 2008, the very day that it was filed. Plaintiffs' request for entry of default (or default judgment) is entirely improper because Countrywide's answer was timely filed.

Using the only evidence pertaining to service of the amended complaint on defendant Miller (plaintiffs' request for entry of default stating that it was served on October 27), the Court can only conclude that defendant Miller also timely filed its answer on October 28, the day after service was effectuated. Accordingly, plaintiff's request for entry of default (or default judgment) against defendant

---

² As set forth above, plaintiffs' request for entry of default against Countrywide states, contrary to the October 15, 2008 certificate of service, that the amended complaint was served on October 27, 2008. (Dkt. 29).

Report and Recommendation
Plaintiff's Motions for Default and Default Judgment
*Taylor v. Countrywide, et al.*; No. 08-13258

Miller was also entirely improper. The undersigned concludes, therefore, that the clerk of the court properly denied both requests for entry of default.[3]

The undersigned also suggests that plaintiffs' motions for entry of default judgment are improper and should be denied, given that no default was first entered by the clerk of the court as required by Rule 55. *See* Wright, Miller & Kane, 10A Fed. Prac. & Proc. Civ.3d § 2682 ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."); *Hickman v. Burchett*, 2008 WL 926609, *1 (S.D. Ohio 2008) ("entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).") (internal quotation marks omitted, collecting cases).

## III. RECOMMENDATION

Based on the foregoing, the undersigned concludes the clerk of the court properly denied plaintiffs' requests for entry of default and **RECOMMENDS** that the Court **DENY** plaintiffs' motions for default and default judgment.

---

[3] Even if the answer were not timely filed, if a defendant answers or otherwise defends *before* the clerk of the court actually enters a default, no default may enter. *See e.g. Horacek v. Wilson*, 2008 WL 4093721, *1 n. 1 (E.D. Mich. 2008).

Report and Recommendation
Plaintiff's Motions for Default and Default Judgment
*Taylor v. Countrywide, et al.*; No. 08-13258

5

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed 20 pages in length unless such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: November 21, 2008

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

6

Report and Recommendation
Plaintiff's Motions for Default and Default Judgment
*Taylor v. Countrywide, et al.*; No. 08-13258

# **CERTIFICATE OF SERVICE**

I certify that on November 21, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Alicia B. Chandler and Jason Canvasser, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Daniel Taylor, 35639 Rainbow Drive, Sterling Heights, MI 48312 and Diane Taylor, 35639 Rainbow Drive, Sterling Heights, MI 48312.

                                             s/James P. Peltier
                                             Courtroom Deputy Clerk
                                             U.S. District Court
                                             600 Church Street
                                             Flint, MI 48502
                                             (810) 341-7850
                                             pete_peltier@mied.uscourts.gov

7

Report and Recommendation
Plaintiff's Motions for Default and Default Judgment
*Taylor v. Countrywide, et al.*; No. 08-13258