UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL TAYLOR, *et al.*,

        Plaintiffs,

v.

COUNTRYWIDE HOME LOANS, *et al.*,

        Defendants.
_____/

Case No. 08-13258

Stephen J. Murphy, III
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**ORDER ON DISCOVERY MOTIONS**
**(Dkt. 43, 44, 72, 76, 82, 84, 91, 96, 115, 124, 129, 130, 133)**

A.    Procedural History

Plaintiffs filed a complaint against defendants on July 29, 2008. (Dkt. 1). In lieu of a responsive pleading, defendants filed a motion to dismiss on August 18, 2008. (Dkt. 5). Plaintiffs then filed a motion for leave to file an amended complaint on August 21, 2008. (Dkt. 6). On September 15, 2008, District Judge Stephen J. Murphy, III referred this matter to the undersigned for all pretrial purposes. (Dkt. 12).

On September 30, 2008, the Court granted plaintiffs' motion for leave to amend their complaint, and directed plaintiffs to file their amended complaint within 14 days of entry of that Order. (Dkt. 17). On October 3, 2008, plaintiffs

1

filed their amended complaint, which is entitled "third amended complaint." (Dkt. 20). Defendant Countrywide filed its answer to the third amended complaint on October 27, 2008. (Dkt. 22). Defendant Miller filed its answer to the third amended complaint on October 28, 2008. (Dkt. 25). A motion to amend the complaint once is pending, along with multiple motions for summary judgment and for dismissal. Before the undersigned makes recommendations to the District Court on the dispositive motions pending, several discovery matters must first be addressed.

    B.    <u>Legal Standards</u>

It is well-established that "the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). All parties agree that in order for information to be relevant at the discovery stage, and thus discoverable, it must be relevant to "any party's claim or defense" and, while the information itself need not be admissible in an evidentiary sense, it must still be "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1); *see also Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998), quoting, *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970) ("The scope of examination permitted under Rule 26(b) is

broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." ).

    C.    <u>Plaintiffs' Motion Regarding Sufficiency of Objections/Answers to Request for Admission (Dkt. 43, 44)</u>.

Plaintiffs object to defendant Countrywide's responses to requests for admission as vague, irrelevant, and evasive. (Dkt. 43). Plaintiffs filed an amended motion to determine the sufficiency of Countrywide's answers. (Dkt. 44). Countrywide filed a response to both motions on December 22, 2008. (Dkt. 46). Plaintiffs filed a reply on December 30, 2008. (Dkt. 50).

The Court has reviewed plaintiffs' requests for admission and Countrywide's responses, along with the submissions of the parties. The Court finds Countrywide's objections and responses to be appropriate and **DENIES** plaintiffs' request for relief.

    D.    <u>Plaintiffs' Motion to Compel Documents (Dkt. 72)</u>.

On March 9, 2009, plaintiffs filed a motion to compel Countrywide to produce certain documents. (Dkt. 72). Plaintiffs want Countrywide to produce the general ledger pertaining to their loan agreement with Countywide. Plaintiffs also request a copy of the "Escrow Waiver" agreement that plaintiffs signed at the closing of the "alleged loan." According to Countrywide's response, it produced

all the bookkeeping entries pertaining to plaintiffs' loan, which is what plaintiffs' request actually asked for, not the "general ledger." (Dkt. 89). The Court agrees that plaintiffs' request does not ask for the "general ledger" and even if it did, plaintiffs have not established the relevance or need for Countrywide's entire general ledger. Thus, plaintiffs' motion is **DENIED**. With respect to the "Escrow Waiver" agreement, Countrywide states that it is not aware that plaintiffs ever signed such a document and it cannot produce what does not exist. The Court agrees and **DENIES** plaintiffs' request in this regard.

> E. <u>Plaintiffs' Motion Regarding Sufficiency of Countrywide's Answers to Fourth Set of Document Requests (Dkt. 84) and Plaintiffs' Motion to Strike (Dkt. 115)</u>.

Plaintiffs claim that Countrywide unilaterally paid the outstanding property taxes on the property without first notifying plaintiffs that it intended to do so. (Dkt. 84). Countrywide claims to have sent plaintiffs a letter regarding the payment of taxes in December, 2007. (Dkt. 84, Ex. A). In discovery, plaintiffs asked for a copy of any letters that Countrywide claims to have sent to plaintiffs in this regard. (Dkt. 84, Exs. A-C). Countrywide admits that it did not retain a copy of the letter it claims to have sent to plaintiffs. (Dkt. 84, Ex. D). Countrywide produced a copy of the standard form letter that it claims to have sent to plaintiffs. Countrywide also asserts that it has records showing that such a letter was sent to

4

plaintiffs. (Dkt. 84, Ex. D). Plaintiffs claim that there is no link between this "form letter" and them or their mortgage with Countrywide. Thus, it should not be accepted into evidence. (Dkt. 84). Plaintiffs also filed a motion to strike the form letter produced by Countrywide, for similar reasons. (Dkt. 115).

In response to plaintiff's motion to compel, Countrywide argues that the Federal Rules of Civil Procedure do not allow for a motion to determine the sufficiency of response to document requests. (Dkt. 101). Countrywide also points out that it had admitted that it did not retain the letter that was sent to plaintiffs and it simply cannot produce a document that it does not have. *Id*. In response to plaintiffs' motion to strike, Countrywide argues that the form letter and accompanying affidavit are relevant to the issue of whether Countrywide notified plaintiff about the delinquent taxes and that plaintiffs' motion to strike Countrywide's response to document requests is improper and impermissible under the Federal Rules. (Dkt. 121). In the alternative, Countywide argues that if plaintiffs' motion is intended to be a motion *in limine* to exclude the form letter, it should be denied because the letter is admissible under Federal Rule of Evidence 1004. (Dkt. 121).

The Court concludes that plaintiffs are, essentially, seeking to preclude Countrywide from introducing into evidence the sample form letter. This is an

evidentiary issue best left to a pretrial motion *in limine*, rather than a discovery motion or a motion to strike Countrywide's discovery responses. The Court concludes that such a motion *in limine* is premature at this time and thus, plaintiffs' motion, to the extent it seeks to exclude the sample form letter, is **DENIED** at this time **WITHOUT PREJUDICE**. To the extent that plaintiffs seek other relief in their motion regarding the sufficiency of Countrywide's discovery responses or their motion to strike, the motions are **DENIED**.

F.  Plaintiffs' Motion to Determine Sufficiency of Countrywide's Answers to Fifth Set of Requests for Admission (Dkt. 124).

Plaintiffs move to have Countrywide's answer to their fifth set of requests for admission deemed admitted. (Dkt. 124). Essentially, plaintiffs claim that Countrywide's denials are not truthful and plaintiffs proffer evidence that they claim is contrary to Countrywide's answers. In response, Countrywide points out that its objections and denials are appropriate responses under Rule 36. (Dkt. 126).

In the Court's view, plaintiffs' motion is premature. Plaintiffs' remedy, should it ultimately prove that the matters in their requests for admission are true, is to move for expenses incurred in making that proof. Fed.R.Civ.P. 37(c)(2). Such a motion should be made after trial, should plaintiffs prevail on these issues at trial. *See e.g.*, *Old Reliable Wholesale, Inc. v. Cornell Corp.*, 2008 WL

2323777, *3 (N.D. Ohio 2008) ("[A]s both requests seek admissions of straightforward information that could greatly impact the prosecution of this case, should [plaintiff] not prevail on these issues at trial, the Court may find its responses were not made in good faith and consider, in accordance with Rule 37(c)(2), awarding attorney fees to [defendant] for its expenses in establishing these facts."); *Moore v. Rees*, 2007 WL 1035013, *13 (E.D. Ky. 2007) (The appropriateness of an unqualified denial of a request for admission "may only be assessed through a post-trial motion for expenses under Rule 37(c)(2)."). Plaintiffs' motion is, therefore, **DENIED** without prejudice.

> G. Countrywide's Motion to Quash (Dkt. 96), Plaintiffs' Motions for Orders to Show Cause (Dkt. 129, 130), Plaintiffs' Motion to Extend Discovery (Dkt. 82), and Plaintiff's Motion to Hold Motion to Show Cause in Abeyance (Dkt. 133).

On April 6, 2009, Countrywide filed a motion to quash the subpoenas sent to Countrywide and to the Federal Bureau of Investigation (FBI) on March 17, 2009. (Dkt. 96). Countrywide argues that the subpoenas violate the scheduling order in this case, which provides that "all discovery must be initiated such that it is completed by March 17, 2009." Countrywide also argues that the subpoena is unduly burdensome because it requests Countrywide's entire general ledger, which also contains the personal financial information of other Countrywide borrowers

7

and requests the personal employment records of a former Countrywide employee. (Dkt. 96).

In response, plaintiffs claim that the timing of the subpoenas was due to newly discovered information. (Dkt. 99). Plaintiffs claim that they determined that Countrywide's former employee (who is the subject of some of plaintiffs' claims) was indicted by the "California Authorities" for a number of mortgage fraud dealings while employed at Countrywide. This, according to plaintiffs, necessitated the subpoena to the FBI. (Dkt. 99). Plaintiffs also claim that this recently acquired knowledge necessitated the subpoena to Countrywide regarding the ex-employee. Plaintiffs assert that Countrywide does not have standing to object to the subpoena sent to the FBI. (Dkt. 99).

On June 8, 2009, plaintiffs filed two motions for orders to show cause why Countrywide and the FBI should not be held in contempt for failing to respond to the subpoenas. (Dkt. 129, 130). In response to plaintiffs' motions, Countrywide points out that the subpoenas violated the Court's scheduling order and that contempt would be inappropriate given that Countrywide filed a motion to quash. (Dkt. 132).

On March 17, 2009, plaintiffs also filed a motion to extend the discovery deadline. (Dkt. 82). Plaintiffs claim, just as in their motions for orders to show

8

cause, that in the 30 days preceding their motion, "several unanticipated occurrences have arisen which will require additional discovery, obtaining additional records, as well as scheduling additional depositions." (Dkt. 82). Plaintiffs claim that they have been asking to inspect the original promissory note for some time and Countrywide did not permit them the opportunity to do so until two weeks before they filed their motion to extend discovery. They wish to retain a forensics expert to determine the authenticity of the original promissory note and "any other related discovery." (Dkt. 82). Plaintiffs also claim that they need to depose Countrywide's ex-employee regarding a number of "related mortgage fraud dealings while employed by Countrywide," but plaintiffs do not say when they learned of this allegedly "new information" about Countrywide's ex-employee. Plaintiffs attach an FBI news release dated August 1, 2008 in support of their request. Plaintiffs also seek related documents from Countrywide regarding the ex-employee. (Dkt. 82).

    In response, Countrywide argues that discovery should not be extended for several reasons. First, plaintiffs have been in possession of the subject property for well over a year without making a single mortgage payment. (Dkt. 100). Second, plaintiffs have not pointed to any "new facts" that require discovery to be extended. The FBI bulletin on which plaintiffs rely was released on August 1,

2008, four months before the third-amended complaint was filed, and over seven months before discovery was concluded. Countrywide asserts that if plaintiffs wanted to conduct discovery on based on the FBI press release, they had ample time to do so. In addition, the former Countrywide employee plaintiffs now seek to depose was identified on plaintiffs' witness list filed in January, 2009. Countrywide asserts that plaintiffs knew about this former employee when they amended their complaint, when discovery commenced, and when they included him on their witness list. Thus, according to Countrywide, there is no basis to extend discovery. (Dkt. 100).[1]

Countrywide also disputes plaintiffs' claim that discovery should be extended because they need to hire an expert to determine the authenticity of the promissory note. Countrywide points out that plaintiffs have previously admitted that they signed the note and there are no disputes about the contents of the note. (Dkt. 100).

The Court agrees with Countrywide that plaintiffs' subpoenas are untimely under the scheduling order. Further, plaintiffs have not offered any valid excuse regarding the untimeliness of the subpoenas. While they claim that the delay was

---

[1] Defendant Randall S. Miller & Associates, P.C. also filed a response opposing plaintiffs' request for an extension of discovery, for reasons similar to that stated by Countrywide. (Dkt. 105).

10

due to "newly discovery evidence," they have obviously known about the personal information theft allegations made against Countrywide's former employee, given that they do not dispute that Countrywide notified them that its former employee engaged in such conduct and plaintiff make claims against Countrywide based on these allegations. Thus, the Court concludes that plaintiffs have not offered any reasonable or valid excuse regarding the delay in seeking such discovery or their failure to comply with the discovery deadline set by the Court and plaintiffs' motion is **DENIED** for this reason.

The Court also finds that service of the subpoena on the FBI to be defective. Rule 45 requires personal service and the tendering of witness fees and mileage. Fed.R.Civ.P. 45(b)(1). There is no indication that plaintiffs complied with this provision. Further, a subpoena issued by this Court may only be served in this state or within 100 miles of the place specified for production. Fed.R.Civ.P. 45(b)(2). Plaintiffs' subpoena, issued by this District, was mailed to the FBI in the State of Virginia, and requests that documents be produced to plaintiffs at their home address in the State of Michigan. Even if the means of delivering the subpoena to the FBI were appropriate under Rule 45, the subpoena would have to be issued by the District in which the FBI is located. Based on the foregoing, the Court finds plaintiffs' subpoena to the FBI to be defective and improper and

**DENIES** plaintiffs' motion for order to show cause on this alternative basis.

Finally, party to a federal lawsuit may not simply serve a federal agency with a subpoena. Pursuant to the federal "housekeeping statute," 5 U.S.C. § 301, a federal agency may enact procedures for responding to subpoenas and other requests for testimony. *See COMSAT v. Nat'l Sci. Found.*, 190 F.3d 269, 272 n. 3 (4th Cir. 1999). Specifically, § 301 authorizes the head of an agency to "prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." 5 U.S.C. § 301. Such regulations, known as *Touhy*[2] regulations, "recognize[ ] the authority of agency heads to restrict testimony of their subordinates." *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 66, 69 (D. D.C. 1998), quoting, *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989); *Jackson v. Allen Indus., Inc.*, 250 F.2d 629, 630 (6th Cir. 1958) (holding district court did not err in refusing to enforce a subpoena duces tecum against an FBI agent who asserted that the same Department of Justice regulation at issue in *Touhy* precluded his compliance).

Department of Justice employees, including the FBI, are prohibited from producing or disclosing, in response to a demand, any information or material

---

[2] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951).

contained in Department of Justice files without prior approval of the proper Department of Justice official in accordance with specified procedures. 28 C.F.R. § 16.22(a). When the government is not a party, the Administrative Procedures Act (APA) provides the sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas. *See Smith v. Cromer*, 159 F.3d 875, 881 (4th Cir. 1998) ("Cromer's remedy, if any, for the Justice Department's [refusal to permit its employees to testify] may be found in the [APA]...."); *Chen v. Ho*, 368 F.Supp.2d 97, 98 (D. D.C. 2005) ("when a federal agency, pursuant to so-called *Touhy* regulations, prohibits its employees from responding to a subpoena ad testificandum without agency approval and declines to grant that approval in a given case, the requesting party must then proceed under the APA, and a federal court will review the agency's decision under an 'arbitrary and capricious' standard."). Plaintiffs have not complied with the procedures required under the APA to compel the FBI to produce any documents pursuant to a federal subpoena. Thus, plaintiffs' motion for order to show cause is **DENIED** for this reason as well.

On June 26, 2009, plaintiffs filed a motion to hold in abeyance the Court's ruling on their motion to show cause until the Court makes a ruling on plaintiffs' motion to extend discovery. (Dkt. 133). Based on the foregoing analysis and

conclusions, plaintiffs' motion is **DENIED** as moot.

      H.    <u>Countrywide's Motion to Strike Plaintiffs' Amended Witness List and to Strike Stephen Freers as a Witness (Dkt. 76) and Plaintiffs' Motion for Leave to File Amended Witness List (Dkt. 91)</u>.

On March 13, 2009, Countrywide filed a motion to strike plaintiffs' amended witness list, which includes expert and other witnesses not timely identified. (Dkt. 76). Countrywide asserts that witness lists were due on January 20, 2009, plaintiffs' amended witness list was filed in March, 2009, and plaintiffs have shown no good cause to modify the Court's scheduling order. (Dkt. 76). Countrywide argues that the identification of such a witness eight days before the close of discovery is prejudicial to Countrywide and that plaintiffs failed to include the expert reports required by Rule 26(a)(2)(B). *Id.*

In response, plaintiffs state that they have filed a motion to amend their witness list and were not aware of the need to do so previously. (Dkt. 92). Plaintiffs also assert that they have good cause to add their son to the witness list. They previously were fearful of his involvement because of Countrywide's "wanton and deceptive bad acts." Plaintiffs also wish to add the physician and psychologist who treated Daniel Taylor for his stress and health issued caused by this lawsuit. Plaintiffs also wish to add two experts, the first a forensic expert to examine and testify about the promissory note, and the second a lawyer who will

14

testify that Countrywide violated TILA by neglecting to disclose all terms to plaintiffs. (Dkt. 92). Plaintiffs' assert similar arguments in their motion for leave to file an amended witness list. (Dkt. 91).

In response to the motion for leave to amend their witness list, Countywide argues that plaintiffs' "irrational paranoia" that they were in fear of their lives does not provide good cause to allow them to amend their witness list. (Dkt. 97). Countrywide also argues that plaintiffs have not identified any reason that Daniel Taylor's medical providers could not have been timely identified, and thus, no good cause has been shown. Countrywide again points out that plaintiffs admitted in responses to request to admit and at their depositions that they signed the promissory note and thus, there is no dispute regarding the authenticity or contents of the promissory note. An expert, therefore, is not necessary. (Dkt. 97).

In the view of the Court, plaintiffs have not shown any good cause to amend their witness list. There is no basis for a forensic expert to testify in this case, given plaintiffs' clear admissions regarding the promissory note. Further, plaintiffs offer no good cause or justification as to why the other witnesses named on their witness list could not have been timely identified. Based on the foregoing, Countrywide's motion to strike is **GRANTED** and plaintiffs' motion for leave to amend their witness list is **DENIED**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), objections must be served on this Magistrate Judge.

Date: June 30, 2009  			s/Michael Hluchaniuk
					Michael Hluchaniuk
					United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on June 30, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Alicia B. Chandler and Jason Canvasser, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Daniel Taylor, 35639 Rainbow Drive, Sterling Heights, MI 48312 and Diane Taylor, 35639 Rainbow Drive, Sterling Heights, MI 48312.

					s/James P. Peltier
					Courtroom Deputy Clerk
					U.S. District Court
					600 Church Street
					Flint, MI 48502
					(810) 341-7850
					pete_peltier@mied.uscourts.gov